THE OFFICE OF THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN INFORMAL OPINION OF THE ATTORNEY GENERAL IN WHICH YOU ASK, N ESSENCE:
 DOES THE REGULATING AUTHORITY OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS ("ODOC"), RELATING TO THE VOCATIONAL TRAINING CONDUCTED IN THEIR FACILITIES, AND THE SERVICES AND TRAINING EQUIPMENT PROVIDED TO THE ODOC UNDER THE PROVISIONS OF AN AGREEMENT BETWEEN THE ODOC AND A PRIVATE SCHOOL, QUALIFY FOR AN EXEMPTION, AS PROVIDED FOR IN 70 O.S. 21-101 (1980), FROM LICENSING BY THE PRIVATE SCHOOL BY OUR BOARD AS A PRIVATE VOCATIONAL SCHOOL?
AS YOU HAVE NOTED IN YOUR LETTER, 70 O.S. 21-101, PROVIDES FOR CERTAIN EXEMPTIONS FROM LICENSURE BY PRIVATE VOCATIONAL SCHOOLS. THAT SECTION STATES, IN PART:
 THE TERM PRIVATE SCHOOL SHALL NOT INCLUDE BARBER SCHOOLS, BEAUTY SCHOOLS, OR OTHER SCHOOLS WHICH ARE REGULATED OR LICENSED PURSUANT TO THE PROVISIONS OF ANY LAW OF THIS STATE(.)
WITHOUT ADDITIONAL GUIDANCE FROM THE LEGISLATURE AS TO WHAT IT INTENDS BY "REGULATED" OR "LICENSED" WE MUST TURN TO THE DEFINITIONS OF THE WORDS USED IN THE STATUTE IN THEIR ORDINARY SENSE. 25 O.S. 1 (1981). SEE ALSO, CC TILE AND CARPET CO., INC. V. ADAY, 697 P.2D 175 (OKLA.CT.APP.1985). AS DEFINED BY WEBSTER'S THIRD INTERNATIONAL DICTIONARY, MERRIAM-WEBSTER, INC. (1981), TO "REGULATE" IS "TO GOVERN OR DIRECT ACCORDING TO RULE(.)" TO "LICENSE" IS "TO GRANT OR ISSUE A LICENSE TO (SOMEONE) USU(ALLY) AFTER SPECIAL QUALIFICATIONS HAVE BEEN MET.)"
UNDER OKLAHOMA LAW, BOTH "RULE" AND "LICENSE," SO FAR AS STATE AGENCIES ARE CONCERNED, HAVE BEEN FURTHER DEFINED. TITLE 75 O.S. 250.3 (1990), AS PART OF THE ADMINISTRATIVE PROCEDURES ACT, INCLUDES DEFINITIONS FOR BOTH OF THESE TERMS AS FOLLOWS, IN PART:
 "2. "RULE" MEANS ANY AGENCY STATEMENT OR GROUP OF RELATED STATEMENTS OF GENERAL APPLICABILITY AND FUTURE EFFECT THAT IMPLEMENTS, INTERPRETS OR PRESCRIBES LAW OR POLICY, OR DESCRIBES THE PROCEDURE OR PRACTICE REQUIREMENTS OF THE AGENCY;
 3. "LICENSE" INCLUDES THE WHOLE OR PART OF ANY AGENCY PERMIT, CERTIFICATE, APPROVAL, REGISTRATION, CHARTER, OR SIMILAR FORM OF PERMISSION REQUIRED BY LAW(.)"
OF COURSE, IN ORDER TO HAVE SUCH RULES OR LICENSURE AUTHORITY, EACH AGENCY MUST PROPERLY PROMULGATE ITS RULES. 75 O.S. 250.1 (1990) ET SEQ.
YOU NOTED THAT TITLE 57 O.S. 510 (1990), PROVIDES, IN PART:
 "THE DIRECTOR SHALL HAVE THE FOLLOWING SPECIFIC POWERS AND DUTIES RELATING TO PENAL INSTITUTIONS:
* * *
 6. TO PROVIDE FOR THE EDUCATION, TRAINING, VOCATIONAL EDUCATION, REHABILITATION, AND RECREATION OF PRISONERS(.)"
THE DETERMINATION OF AN EXEMPTION UNDER 21-101 IS ALLOWED ONLY WHERE A PRIVATE SCHOOL IS LICENSED OR REGULATED BY ANOTHER STATE AGENCY. BECAUSE A PLAIN READING OF 57 O.S. 570 (1990), DOES NOT INDICATE WHETHER ODOC "LICENSES" OR "REGULATES" PRIVATE SCHOOLS WHICH PROVIDE EDUCATION TO PRISONERS, IT IS NECESSARY TO ASCERTAIN THE EXTENT TO WHICH ODOC HAS EITHER PROPERLY LICENSED SUCH PRIVATE SCHOOLS OR HAS PROPERLY PROMULGATED RULES BY WHICH IT REGULATES THESE SCHOOLS. MY RESEARCH INDICATES THAT ODOC HAS ISSUED OP-090402, A COPY OF WHICH I HAVE ATTACHED TO THIS LETTER. HOWEVER, A PLAIN READING OF THIS OPERATING PROCEDURE WOULD INDICATE THAT IT MERELY REQUIRES THAT CERTAIN EDUCATIONAL PROGRAMS BE AVAILABLE TO PRISONERS, BUT DOES NOT, IN FACT, REGULATE THOSE PROGRAMS. I DID NOT FIND ANY ODOC RULE BY WHICH PRIVATE SCHOOLS ERE LICENSED. FURTHERMORE, IT IS MY UNDERSTANDING THAT OP-090402 IS NOT A PROMULGATED RULE BUT AN INTERNAL POLICY STATEMENT. AS SUCH, IT WOULD NOT CONSTITUTE A RULE AS CONTEMPLATED UNDER EITHER THE ADMINISTRATIVE PROCEDURES ACT OR 21-101.
THE EXCEPTION FROM LICENSURE CONTAINED IN 70 O.S. 21-101 APPEARS TO APPLY WHERE ANOTHER STATE AGENCY LICENSES AND REGULATES ALL OF THE ACTIVITIES OF A "PRIVATE SCHOOL". NOTHING IN THE ODOC STATUTES AND THE FACTS ASSUMED IN THIS OPINION LETTER WOULD INDICATE THAT THIS IS PERMITTED OR EVEN CONTEMPLATED BY ODOC. ODOC'S AUTHORITY TO PROVIDE FOR VOCATIONAL TRAINING UNDER 57 O.S. 510, SIMPLY ALLOWS ODOC TO PROVIDE SUCH TRAINING ITSELF OR TO CONTRACT FOR THE PROVISION OF SUCH TRAINING. NOTHING IN THE STATUTORY LANGUAGE, EXPRESS OR IMPLIED, AUTHORIZES ODOC TO LICENSE OR REGULATE A PRIVATE VOCATIONAL SCHOOL.
THEREFORE, IT IS MY OPINION THAT INSTRUCTION PROVIDED BY A PRIVATE SCHOOL UNDER CONTRACT WITH THE OKLAHOMA DEPARTMENT OF CORRECTIONS TO ODOC PRISONERS DOES NOT QUALIFY FOR AN EXEMPTION PURSUANT TO 70 O.S. 21-101 (1990).
(JAMES ROBERT JOHNSON)